FILED

2024 Oct-28  PM 03:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **LEXINGTON PROPERTIES NJ LLC,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **Case No.: 2:23-cv-00993-ACA** |
| | ] | |
| **S.R. RENOVATIONS LLC,** | ] | |
| | ] | |
| **Defendant.** | ] | |

## <u>MEMORANDUM OPINION AND ORDER</u>

After the Clerk of Court entered a default against Defendant S.R. Renovations at Plaintiff Lexington Properties's request (docs. 18, 20), Lexington Properties moved under Federal Rule of Civil Procedure 55(b) for a default judgment, seeking an award of $546,400. (Doc. 25 ¶ 21). The court **GRANTS IN PART** and **DEFERS RULING IN PART**. Because the well-pleaded allegations in Lexington Properties's complaint state a claim for relief against S.R. Renovations for negligence, the court **GRANTS** Lexington Properties's motion with respect to liability. But the court cannot award damages without a hearing, so the court **DEFERS RULING** on Lexington Properties's motion for default judgment. The court **SETS** a hearing for **December 5, 2024, 9:30 AM**, Courtroom 6B, Hugo L Black US Courthouse, Birmingham, AL before Judge Annemarie Carney Axon.

## I.    BACKGROUND

In its operative complaint, Lexington Properties alleges that it and S.R. Renovations contracted "for a substantial . . . renovation of 200 [apartment] units" owned by Lexington Properties. (Doc. 27 ¶ 5).[1] S.R. Renovations promised "to bring units to rent ready status[] and up to current Alabama building codes." (*Id.*) (quotation marks omitted). Shortly after beginning work, however, S.R. Renovations "fell behind schedule," and Lexington Properties "noticed problems with the quality of the work." (*Id.* ¶ 6). S.R. Renovations only "'renovated' eighteen [] of the units," which were "not rent ready" as "[p]lumbing and electrical work were incomplete and all exhibited poor workmanship." (Doc. 27 ¶ 7). S.R. Renovations also never "forward[ed] payments to vendors and subcontractors." (*Id.*). Lexington Properties asserted claims against S.R. Renovations for (1) negligence and wantonness as to construction and renovation; (2) negligence as to repair all deficiencies with the units, (3) negligence as to hire, supervise, and train;

---

[1] Lexington Properties filed an amended complaint after the court ordered it to show cause why the court should not dismiss the case for lack of subject matter jurisdiction. (Docs. 26–27). The amended complaint sufficiently alleges diversity jurisdiction. (*See* doc. 27 ¶¶ 1–3). Although Lexington Properties did not amend its complaint within twenty-one days of serving it, Fed. R. Civ. P. 15(a)(1)A), nor did it request leave of court prior to amending it, Fed. R. Civ. P. 15(a)(2), the court accepts the amended complaint as timely filed and would have granted leave as "justice so requires" (*id.*).

(4) suppression of material facts; (5) fraudulent misrepresentation and/or innocent misrepresentation; and (6) conversion. (*Id.* ¶¶ 10–51).

On July 27, 2023, Lexington Properties filed this lawsuit against S.R. Renovations LLC. (Doc. 1). S.R. Renovations is a citizen of Florida, as it has one member who is a citizen of Florida. (Doc. 27 ¶ 3). On October 3, 2023, summons issued as to S.R. Renovations returned unexecuted. (Doc. 3). The deadline to serve S.R. Renovations expired on October 25, 2023, at which point S.R. Renovations had not been properly served.

The magistrate judge then-assigned to the case ordered Lexington Properties to show cause why the case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 5). Lexington Properties's response stated that it attempted to serve S.R. Renovations on two occasions at three separate addresses with no success, and that Rule 4(m) permits the court to extend the service deadline "if the plaintiff shows good cause for the failure." (Doc. 6); Fed. R. Civ. P. 4(m). Finding that Lexington Properties showed good cause for the failure to serve, the magistrate judge granted Lexington Properties an extension to serve. (Doc. 7).

On December 7, 2023, Lexington Properties again attempted service on S.R. Renovations, this time addressing service to the Florida Secretary of State. (Doc. 8). The summons was returned executed (doc. 9), and on April 3, 2024, the

Clerk of Court entered default as to S.R. Renovations (doc. 20). Lexington Properties then moved for default judgment against S.R. Renovations. (Doc. 25).

## II.    DISCUSSION

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the Clerk of Court must enter the party's default. Fed. R. Civ. P. 55(a). Second, if the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant as long as the well-pleaded allegations in the complaint state a claim for relief. Fed. R. Civ. P. 55(b); *Nishimatsu Contr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2]

### 1.    Default

Although the Clerk has already entered S.R. Renovations's default (doc. 20), the court was initially concerned about whether service was proper because the summons as executed was addressed to the Florida Secretary of State, not S.R. Renovations or its registered agent (doc. 9 at 2). However, the court finds that this method of service was proper in this case.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Federal Rule of Civil Procedure 4(h)(1)(A) permits service on a corporation, including a limited liability corporation, "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) states that an individual may be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. Pro. 4(e)(1) (emphasis added). Thus, service would be proper against S.R. Renovations, a limited liability company that is a citizen of Florida, so long as the manner of service was prescribed by any one of the following authorities: (1) Rule 4; (2) Alabama law, as Alabama is the state where this court sits; or (3) Florida law, as Florida is the state where service was made.

Florida law permits several methods for service on domestic limited liability companies. *See generally* Fla. Stat. § 48.062. First, a party may serve the limited liability company's "registered agent designated by the domestic limited liability company." Fla. Stat. § 48.062(2). Second, "[i]f, after due diligence, the process cannot be completed under [the first method] and if . . . [t]he only person listed publicly by the domestic limited liability company . . . on its latest annual report . . . is also the registered agent on whom service was attempted under [the first method]," then "the service of process may be served . . . on the Secretary of State as an agent of the domestic limited liability company." Fla. Stat. § 48.062(4).

Lexington Properties first attempted service on "S.R. Renovations" at the listed mailing address of the registered agent of S.R. Renovations, Shimon Zikri. (Doc. 6 at 5–6, 8–9). The registered agent, Shimon Zikri, was also the only person listed publicly by S.R. Renovations. (*Id.* at 5–6). Therefore, Lexington Properties properly served the Florida Secretary of State as the agent of S.R. Renovations after trying to serve S.R. Renovations multiple times at multiple addresses. The Clerk's entry of default was valid.

2.    Default Judgment

Next, the court must determine whether the well-pleaded factual allegations support any of Lexington Properties's claims. A court should only enter default judgment when "there is a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrance Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (quotation marks omitted). This standard is analogous to the standard required to survive a motion to dismiss for failure to state a claim. *Id.* Thus, to determine whether default judgment is appropriate, the court must "look[] to see whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (cleaned up). Because the court finds that Lexington Properties's complaint does contain sufficient factual matter as to "Negligence/Wantonness as to Construction/Renovation" ("Count One"; doc. 1 ¶¶ 10–19), the court need not consider Lexington Properties's other claims.

Under Alabama law, "[i]f there is a defective performance [of a contract] there is a breach of contract[,] and [there] may also be a tort." *Hamner v. Mut. of Omaha Ins. Co.*, 270 So. 2d 87, 90 (Civ. App. 1972). The "line of division between the actions of contract and tort" is the line between misfeasance and nonfeasance. *Id.*; *see also Ex parte Certain Underwriters at Lloyd's of London*, 815 So. 2d 558, 562–63 (Ala. 2001) ("In *Hamner*, the Court of Civil Appeals distinguished between nonfeasance, which may support an action only in contract, and misfeasance, which may support an action in tort."). When there is misfeasance, "whether the action declared is in tort or contract must be determined from the gist or gravamen of the complaint." *Hamner*, So. 2d at 90.

Count One is clearly an action in tort. (*See* doc. 1 ¶¶ 10–19). The complaint states that S.R. Renovations had a "duty to perform the renovation work," it "breached its duty," and "[a]s a direct and proximate result of [its] breach, [Lexington Properties] [] suffered damages." (*Id.* ¶¶ 11–14). Thus, the court will proceed with determining whether this count states a plausible claim under Alabama's negligence law.

Alabama negligence actions require that plaintiffs "establish that the defendant breached a duty owed by the defendant to the plaintiff and that the breach proximately caused . . . damage to the plaintiff." *Proctor v. Fluor Enterprises, Inc.*, 494 F.3d 1337, 1346 (11th Cir. 2007) (quotation marks omitted).

Lexington Properties's complaint sufficiently alleges that S.R. Renovations owed a duty to "bring [200] units to 'rent ready status[]' and up to current Alabama building codes." (Doc. 1 ¶ 5). As for breach, the complaint alleges that out of the eighteen units that S.R. Renovations worked on, there were "problems with the quality of the work and [] materials," and the "units were, in fact, not rent ready. Plumbing and electrical work were incomplete and all exhibited poor workmanship." (*Id.* ¶¶ 6–7).

As for causation and damages, the complaint states that "as a direct and proximate result of [S.R. Renovation's] breach, [Lexington Properties] has suffered damages" including "costs associated with completing the renovation of the apartments," "consequential damages for the cost of repairs to the apartments," "costs for maintaining," and "lost rents." (*Id.* ¶¶ 14, 9). Therefore, Lexington Properties's complaint as to Count One provides well-pleaded factual allegations that state a claim for relief from negligence under Alabama law. *See Surtain*, 789 F.3d at 1245; *see also Proctor*, 494 F.3d at 1346. The entry of a default judgment is appropriate.

Next, the court must address the amount of damages it will award. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The court may enter a default judgment without a hearing only if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th

Cir. 1979) (citations omitted); *see also* Fed. R. Civ. P. 55(b)(1). Unlike a finding of liability, the court may award damages only if the record adequately reflects the basis for such an award through "a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (quotation marks omitted).

In its complaint, Lexington Properties alleged that it suffered damages in "costs associated with completing the renovation of the apartments," "consequential damages for the cost of repairs to the apartments," "costs for maintaining," "lost rents," and "attorneys' fees" (Doc. 1 ¶¶ 14, 9; *id.* at 8). In its amended motion for default judgment, Lexington Properties asserted that it "suffered damages in the amount of $546,000[], as set forth in the sworn affidavit of Zevi Katz, Asset Manager for Plaintiff Lexington Properties." (Doc. 25 ¶ 21).[3] Mr. Katz's affidavit asserts that Lexington Properties has suffered damages of $546,000 for "costs to correct work performed by [S.R. Renovations]," "lost rent," "unaccounted for materials," and "attorney[s'] fees." (Doc. 22-1 ¶ 3).

The court sees three problems with Lexington Properties's requests for damages. First, the damages requested in the complaint are neither liquidated nor capable of mathematical calculation. (Doc. 1 ¶¶ 14, 9); *see United Artists Corp. v.*

---

[3] Lexington Properties did not attach this affidavit in its amended motion for default judgment (*see id.*), though it did attach this affidavit in its original motion for default judgment (doc. 22). Absent an amended attachment, the court assumes that the affidavit by Zevi Katz attached to the original motion for default judgment is the operative affidavit.

*Freeman*, 605 F.2d at 857. Second, Mr. Katz's affidavit is not "sufficiently detailed" to explain from where the liquidated amounts derive. *See Adolph Coors Co.*, 777 F.2d at 1544. This problem alone means that the court must hold a hearing on damages. *Id.* Third, some of the damages Lexington Properties requests through Mr. Katz's affidavit are "different in kind" from the damages requested in the complaint. Fed. R. Civ. P. 54(c). Mr. Katz's affidavit asserts damages for unaccounted "costs to correct work," "lost rent," "unaccounted for materials," and "attorney[s'] fees" (doc. 22-1 ¶ 3), whereas Lexington Properties's complaint did not mention "unaccounted for materials" (*see* doc. 1 ¶¶ 14, 9). Again, without an adequate basis in the record, the court cannot award Lexington Properties that amount. *See Adolph Coors Co.*, 777 F.2d at 1544.

## III.   CONCLUSION

The court **GRANTS IN PART** and **DEFERS RULING IN PART**. Because the well-pleaded allegations in Lexington Properties's complaint state a claim for relief against S.R. Renovations for negligence, the court **GRANTS** Lexington Properties's motion with respect to liability. But the court cannot award damages without a hearing, so the court **DEFERS RULING** on Lexington Properties's motion for default judgment. The court **SETS** a hearing for **December 5, 2024, 9:30 AM** to discuss the liquidated amounts or mathematical

calculations of, and detailed bases for, the various damages requested in the complaint and the attached affidavit to the amended motion for default judgment.

**DONE** and **ORDERED** this October 28, 2024.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE