IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LEXINGTON PROPERTIES NJ LLC,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | Case No.: 2:23-cv-00993-ACA |
| ] | |
| **S.R. RENOVATIONS LLC,** ] | |
| ] | |
| **Defendant.** ] | |

## MEMORANDUM OPINION AND ORDER

At the motion hearing on April 3, 2025, the court vacated its previous memorandum opinion and order on Plaintiff Lexington Properties NJ LLC's first amended motion for default judgment (doc. 29), and denied as moot Lexington Properties's first amended motion for default judgment (doc. 25). Consistent with the court's rulings from the bench, the court **GRANTS IN PART** and **DENIES IN PART** Lexington Properties's second amended motion for default judgment. (Doc. 39).

Adopting the facts and the court's analysis from its previous memorandum opinion (doc. 29 at 6–8), the court **GRANTS** Lexington Properties's motion with respect to Defendant S.R. Renovations's liability for negligent construction and/or renovation ("Count One"; doc. 27 ¶¶ 10–19). But the court **DENIES** liability as to Lexington Properties's other claims because Lexington Properties's second

amended motion for default judgment fails to explain how its amended complaint states claims for negligence in repair; negligence in hiring, supervision, and training; suppression; fraudulent misrepresentation and/or innocent misrepresentation; and conversion against S.R. Renovations; and the court finds that the amended complaint is not well-pleaded as to those claims. *See Nishimatsu Contr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (Despite the entry of a default, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.");[1] (*see generally* doc. 39 (providing no argument as to how the amended complaint states claims under those causes of action)). Finally, consistent with discussions at the hearing, the court **GRANTS** Lexington Properties's request for damages in the amount of $156,549.56[2] but **DENIES** its requests for damages in other amounts.

Accordingly, the court **WILL ENTER FINAL DEFAULT JUDGMENT** in favor of Lexington Properties and against S.R. Renovations on the negligence in construction/renovation claim asserted in Count One (doc. 27 ¶¶ 10–19), in the amount of $156,549.56 (*see* doc. 44-1).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

[2] Although counsel for Lexington Properties stated in the hearing that the relevant invoices totaled $145,549.58, the court's calculation comes out to $156,149.56. (*See* doc. 44-1) ($12,600 + $12,600 + $21,917.50 + $39,275 + $57,173.59 + $12,983.47 = $156,549.56).

**DONE** and **ORDERED** this April 7, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

3